BENNETT v. THE DISTRICT TOWNSHIP OF COLFAX.

1. **Schools:** SUBDIRECTOR: QUALIFICATION OF. A person elected to the office of subdirector may take the oath of office before any officer qualified to administer oaths, at any time before the third Monday in March succeeding his election, and when this is done his failure to attend the meeting of the board on that date will not authorize such board to declare a vacancy and appoint another in his place.

2. ——: ——: CONTRACT WITH TEACHER.. A contract made by a teacher with a subdirector so appointed, with knowledge of the facts and that the subdirector elected had entered upon the discharge of the duties of the office, was held invalid.

*Appeal from Webster District Court.*

FRIDAY, JUNE 11.

ACTION to recover upon an alleged teacher's contract, and also upon an injunction bond. The defendant denies the validity of the alleged contract. The plaintiff, upon the 6th day of May, 1878, commenced teaching one of the schools in subdistrict No. 2, in the defendant district township, and continued three weeks, when she was stopped by an injunction. Her contract purports to have been made with one Robert Wood, who claimed to be subdirector of the subdistrict. He was not elected as such, but certain things were done whereby he claimed that he became subdirector, and was authorized to make the contract in question. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Frank Farrell* and *A. E. Clarke*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—The evidence is undisputed that one Michael O'Brien was elected subdirector of the subdistrict. No question was raised by any person on this point. The plaintiff's theory, as we understand it, is that O'Brien's office was deemed vacant, and that

1. SCHOOLS: subdirector: qualification of.

Wood was qualified in his place. Section 1752 of the Code provides that "Each subdirector shall, on or before the third Monday in March following his election, appear before some officer qualified to administer oaths, and take an oath to support the constitution of the United States, and that of the State of Iowa, and that he will faithfully discharge the duties of his office; and in case of failure to qualify his office shall be deemed vacant."

At the meeting held on the third Monday of March following O'Brien's election he failed to appear. The record made by the secretary is in these words: "Michael O'Brien was elected in subdistrict No. 2, but failed to qualify, not being present at the meeting, and Robert Wood, the present incumbent, was sworn in to continue in office as subdirector of subdistrict No. 2, for the ensuing year, by Stephen Eaton."

In addition to this the jury found specially that O'Brien did not qualify. The defendant questions the correctness of this record and finding. In our opinion the defendant's position must be sustained.

It is true O'Brien was not present at the meeting on the third Monday of March, but the statute provides that he may appear on or *before* that day, before some officer qualified to administer oaths, and take the oath of office. The undisputed evidence is that on the Saturday previous to the third Monday of March O'Brien appeared before a person qualified to administer oaths and took the oath of office. He failed to appear at the meeting because he was prevented by sickness. The secretary seems to have conceived the idea that O'Brien could qualify only by being present at the meeting, and we doubt not the finding of the jury was based upon that idea, but such idea is manifestly incorrect.

It might be thought that some written evidence of O'Brien's qualification should have been filed by him with the secretary but we find no provision for such evidence. Ordinarily we presume there would be no difficulty in determining whether a subdirector had qualified or not. There was no difficulty

in this case. O'Brien had taken the oath before a member of the board who was present at the meeting, and gave full information as to that fact.

The plaintiff claims, however, that Wood was at least a subdirector *de facto*. But we see nothing to justify such a theory. The evidence shows not only that O'Brien had been elected, and qualified at the time of the alleged contract, and that the plaintiff knew it, but that he had entered upon the discharge of the duties of his office. We cannot uphold the contract as made with an officer *de facto*, if O'Brien, the subdirector by right, was subdirector *de facto*, or if the circumstances known to the plaintiff were such as to preclude her, as a reasonable person, from believing that Wood was subdirector by right. *McCahan v. Commissioners*, 8 Kansas, 437; *State v. Carroll*, 38 Conn., 449; *Burk v. Elliot*, 4 Iredell, 355.

*2. —— : ——: contract with teacher.*

An instruction was given upon the theory that the contract might be sustained, although invalid in its inception, if subsequently approved by the board. But we find no evidence of such approval. The most we find is an approval by one Kelley as a subdirector.

In our opinion the verdict is without support in the evidence, and the judgment must be

REVERSED.